Defendants have shown good grounds for reconsideration of the record of proceedings before the deputy commissioner. Upon reconsideration, the Full Commission affirms the deputy commissioner's order that defendants pay a 10% penalty on provider bills which were not timely paid pursuant to G.S.97-18(i), but reverses the order that defendants pay plaintiff's out-of-pocket medical expenses and attorney's fees in the amount of $7,296.19.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The date of the alleged injuries at defendant Noel Williams Masonry, Inc., which are the subject of this claim is 6 November 1995;
2. On such date the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act;
3. On such date an employer-employee relationship existed between plaintiff and defendant-employer, and defendant-employer was insured for workers' compensation benefits;
4. Plaintiff contends that plaintiff suffered an injury by accident to his left shoulder, neck and upper back on 6 November 1995;
5. Defendant Noel Williams Masonry, Inc., denies that plaintiff suffered an injury by accident to his left shoulder, neck and upper back on 6 November 1995;
6. Notwithstanding the contentions and differences of the respective parties, the defendants agreed to pay and plaintiff agreed to accept a lump sum of $11,000.00 under a clincher agreement and "in addition to pay all related unpaid hospital and medical expenses of the Employee which were incurred as a result of said injury by accident up to and including the date of this Agreement, as approved by the said North Carolina Industrial Commission, (it being the intent of all parties that only those related unpaid medical expenses incurred prior to the date of the Agreement will be paid by defendants);"
7. The Industrial Commission approved the clincher agreement on 4 September 1997;
8. On 6 October 1997, plaintiff received the lump sum payment as agreed in the clincher.
***********
Based on the foregoing stipulations and the record of proceedings, the Full Commission finds as fact the following:
 FINDINGS OF FACT
1. The deputy commissioner did not take evidence through witnesses but based his ruling on arguments of counsel and on stipulated documents which the deputy commissioner considered at the hearing without objection from the parties. Defendants do not contend on appeal that the deputy commissioner erred in considering these stipulated documents and do not contend thatspecific witness testimony was required. The parties implicitly consented to a ruling without witness testimony.
2. During mediation proceedings on 29 July 1997, the parties agreed to settle plaintiff's claim. A Clincher Agreement was executed on 14 August 1997 and was approved on 4 September 1997.
3. The Clincher Agreement provides that defendants will pay all related unpaid medical expenses incurred by plaintiff prior to execution of the Clincher Agreement, in accordance with Industrial Commission Rule 502(b). These terms of the Clincher Agreement are clear and unambiguous.
4. On 29 July 1997, the following medical bills related to plaintiff's 6 November 1995 injury remained unpaid: (1) Carolinas Medical Center ($459.60), (2) Carolina Neurosurgery ($292.05), and (3) Southeast Anesthesia ($104.00) (hereinafter referred to as "the outstanding provider bills"). Defendants conceded that the terms of the Clincher Agreement required defendants to pay these outstanding provider bills.
5. As of 29 July 1997, plaintiff had incurred the following out-of-pocket medical expenses: (1) medical transportation expenses in the amount of $144.00, (2) prescription co-payments in the amount of $40.00, and (3) chiropractic treatment in the amount of $75.00 (hereinafter referred to as "the out-of-pocket medical expenses").
6. After the Commission approved the Clincher Agreement, plaintiff notified defendants of the outstanding provider bills and the $259.00 in out-of-pocket medical expenses. Defendants refused payment for the out-of-pocket medical expenses and contended that these expenses were encompassed in the lump sum settlement.
7. After plaintiff filed a Form 33 request for hearing, and in order to avoid the expense of litigation, defendants delivered to plaintiff a check for $184.00, "under protest," representing plaintiff's out-of-pocket medical expenses for prescriptions and travel. Defendants continued to refuse payment of plaintiff's $75.00 out-of-pocket chiropractor expense.
8. Plaintiff refused to cash the check for the $184.00 but proceeded to the hearing before the deputy commissioner on the issues stated in the pre-trial agreement, including plaintiff's entitlement to reimbursement for the $75.00 chiropractor bill and to recover attorney's fees.
9. Plaintiff's out-of-pocket medical expenses were not "unpaid" medical expenses within the meaning of the Clincher Agreement and Industrial Commission Rule 502(b), even though plaintiff had not been reimbursed for these out-of-pocket expenses. If the parties had intended that plaintiff himself would recover an amount in addition to the lump sum settlement, the agreement should have provided for payment of paid but non-reimbursed medical expenses as of the date of the agreement.
10. Neither party alleged or proffered any evidence of fraud, misrepresentation, undue influence or mutual mistake which would justify setting aside the Clincher Agreement.
11. The terms of the Clincher Agreement preclude plaintiff's claim for additional reimbursement of the $259.00 in out-of-pocket medical expenses.
12. Defendants were justified in refusing to make an additional reimbursement to plaintiff for his out-of-pocket medical expenses.
13. Defendants were obligated to pay a 10% penalty directly to the medical providers along with payment of the outstanding medical bills, in accordance with the Order by the Executive Secretary dated 9 January 1998.
14. Neither party demonstrated unfounded litigiousness in this matter.
***********
Based upon the foregoing stipulations and findings of fact, the undersigned makes the following:
 CONCLUSIONS OF LAW
1. Outstanding medical bills to Carolinas Medical Center ($459.60), Carolina Neurosurgery ($292.05), and Southeast Anesthesia ($104.00), were not timely paid by defendants, and the medical providers are entitled to a 10% penalty. G.S. 97-18(i).
2. Plaintiff is not entitled to recover additional sums as reimbursement of his out-of-pocket medical expenses in the amount of $144.00, (2) prescription co-payments in the amount of $40.00, and (3) chiropractor payments of $75.00, as these amounts were included in the lump sum settlement under the terms of the Clincher Agreement. G.S. 97-82; I.C. Rule 502(b).
3. Neither party is entitled to recover attorney's fees as sanctions. G.S. 97-88.1.
4. Plaintiff is not entitled to recover his attorney's fees from defendants for plaintiff's pursuit of unpaid medical provider bills and the related 10% penalty. G.S. 97-18(i).
***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 ORDER
1. Defendants shall pay directly to Carolinas Medical Center, Carolina Neurosurgery, and Southeast Anesthesia a 10% penalty for failure to timely pay medical bills. Within 10 days of the date of this Opinion and Award, defendants shall send to the undersigned proof of these penalty payments.
2. Plaintiff's claim for additional out-of-pocket expenses in the total amount of $259.00 is denied. Plaintiff shall return the check to defendants in the amount of $184.00.
3. The parties shall divide the costs.
This the ___ day of December 1999.
S/_____________ RENEE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/_____________ DIANNE C. SELLERS COMMISSIONER
S/_____________ LAURA K. MAVRETIC COMMISSIONER